# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

JONATHAN TRIMBOLI,

    Plaintiff,

v.

MAXIM CRANE WORKS, L.P., *et. al.,*

    Defendant/Third Party Plaintiff.

No. 3:18-cv-00346
Judge Aleta A. Trauger/Holmes
JURY DEMAND

## MOTION BY MAXIM CRANE WORKS, L.P. FOR AN EVIDENTIARY HEARING ON ALL PENDING MOTIONS FOR SANCTIONS

COMES now Defendant Maxim Crane Works, L.P. (hereinafter "Maxim"), by and through counsel, and respectfully requests that this Court hold an evidentiary hearing on the Motion to Dismiss filed by Aptus Group USA, LLC and Plaintiff's Motion for Sanctions, both of which ask this Court to sanction Maxim for alleged concealment and discovery abuses. As grounds for this Motion, Maxim submits that there is a contentious dispute of fact as to whether Maxim or its employees acted to conceal evidence or witnesses to evade liability, which Maxim denies. Aptus and the Plaintiff are both seeking extreme sanctions against Maxim, including dismissal of Maxim's Third-Party Complaint against Aptus, attorneys' fees and costs, and the striking of certain affirmative defenses asserted by Maxim. Faced with such accusations, Maxim should be entitled to an evidentiary hearing where it can present witnesses and evidence in its defense. While an evidentiary hearing is not required when sanctions or attorneys' fees are requested by one party against another, such hearings are favored. *Heflin v. Stewart Cnty., Tenn.*, 968 F.2d 1214, 1992 WL 162554, at *3 (6th Cir. 1992) (unpublished table decision). Specifically, attorneys' fees should not be awarded without providing a party with notice and an opportunity to be heard. *Campbell v. Gooding,* 786 F.2d 1163, 1986 WL 16496, at *3 (6th Cir. 1986) (unpublished table decision).

Both the Plaintiff and Aptus are asking this Court to reach a factual determination on whether Maxim acted to conceal evidence or witnesses. Central to these allegations is their collective theory that *Maxim believed* that the cause of the accident was due to the pin missing from the boom of the crane at issue and believed that it was necessary to suppress the identity of certain witnesses. Maxim wishes to present evidence in the form of witness testimony to the Court that it *never* believed that the absence of the pin caused the accident, that it never had any motivation to conceal this fact from TOSHA or anyone else, and that no action was taken by Maxim or its employees to hide or conceal any evidence from TOSHA or the parties in this action.

Accordingly, Maxim respectfully requests that the Court grant Maxim an evidentiary hearing on the pending Motions against Maxim for sanctions, and that Maxim be permitted to present witnesses and any other evidence Maxim believes is relevant in defending against these allegations. Maxim further requests that the Court hold a status conference in advance of the hearing to discuss a hearing date and the procedures for the presentation of proof at the hearing.

Respectfully submitted,

HALL BOOTH SMITH, P.C.

/s/Nathan H. Mauer
KARL M BRAUN (#022371)
NATHAN H. MAUER (#29690)
Attorneys for Defendant and Third-Party Plaintiff
424 Church Street
Fifth Third Center, Suite 2950
Nashville, TN 37219
P: (615) 313-9911; F: (615) 313-8008
KBraun@hallboothsmith.com
NMauer@hallboothsmith.com

**CERTIFICATE OF SERVICE**

I hereby certify that the following individuals have been served a copy of the foregoing Motion for Evidentiary Hearing via the Court's electronic filing system on this the 11th day of February, 2020:

2

Matthew E. Wright, Esq.
Craig P. Glenn, Esq.
Wright law, PLC
840 Crescent Centre Drive
Suite 310
Franklin, TN 37067
mwright@wrightlawplc.com

Robert A. Fleury, Esq.
1051 East Morehead Street, Suite 100
Charlotte, NC 28204
rafleury@crumleyroberts.com

*Attorneys for Plaintiff*

Joseph R. Wheeler
Jason K. Murrie
Cornelius & Collins, LLP
511 Union Street, Suite 1500
P.O. Box 190695
Nashville, TN 37219-0695
jrwheeler@cclawtn.com
jkmurrie@cclawtn.com

*Attorneys for Third-Party Defendant Aptus Group USA, LLC*

Chris Brooks
5200 Maryland Way, Suite 301
Brentwood, TN 37027
crbrooks@mijs.com

*Attorney for Intervening Plaintiff, Old Republic Insurance Company*

            /s/ Nathan H. Mauer